HeNdersoN, Judge,
 

 delivered the opinion of the Court
 

 Persons claiming under a general description in a will, are entitled, if they can bring themselves within the description, when by the will of the testator, a fund is to be divided. Therefore, where property is given to the children of A, and no time is fixed for a division, it is divisible by the will at the testator’s death, although the executor must, by law, hold it for two years, for the benefit of creditors, Of course, only those children born at the time of the testator’s death, or
 
 in ventre sa mere,
 
 are entitled. If any after period be fixed by the testator, those wiio answer the description at that period, will take 3 and there is a strong leaning in favor of children, to lay hold of any circumstance to postpone the time of division, to embrace all the children, in conformity with the principles governing the Court in
 
 *180
 
 marriage settlements, and, in the mean time, to allow main-lcnanco the children, if necessary. This brings us to the question,' When is the residue in this case, to be divid- ’ ed ? And this depends on the time the negroes are to be divided, and the effect of the words
 
 “ as
 
 aforesaid,” in the residuary clause.
 

 The negroes are to bo divided after Littleton’s death, and when the eldest child of Bird shall arrive atfull age; that is, Littleton must be dead, and Bird’s eldest child must be of full age. They are not divisible until both happen ; the most remote, therefore, determines the time of division.
 
 Then
 
 the residue is to be divided,
 
 as aforesaid;
 
 that is, as the negroes are, at the same time and in the same manner. By this means, the greater number of children will be let in, and the testator’s
 
 bounty more equally
 
 shared. We may suppose the testator intended this fund
 
 to be
 
 divided when Bird’s eldest child should arrive at full age, regardless of the fact of Littleton’s death or life ; because this fund is not included in the bequest to Littleton for life, and therefore, no necessity of postponing it until his death should happen. But this supposition would be to make, not expound the will. It is possible he might have so intended
 
 ;
 
 but he has said otherwise, by directing it to be divided
 
 as
 
 aforesaid, which cannot be satisfied without dividing it in the same manner1, that is, among the same persons, which might not be the case if different periods wore fixed on for the division.
 
 The question
 
 in this case is then answered : the children born subsequent to the death of the testator, are entitled. But to make the plea good, it should have been stated or averred in it, that tlie children were born before the death of Littleton, or before the eldest child of Bird arrived at full age
 
 ;
 
 in other words, before the time of division; for, on that fact depends their claim, and on their claim, the validity of the plea, in its present dress, the plea is bad; and the Defendant must answer. But were the case before this Court, an amendment would be
 
 permitted;
 
 for it is evident the petition was
 
 *181
 
 brought to try the right of the after-born children, regardless of the time when born ; whether before or after the two periods before mentioned as the time of division.